FILED
2017 Jul-11  PM 01:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **DARRIOUS COLLEY,** | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: |
| v. | ) |
| | ) |
| **BIRMINGHAM TERMINAL RAILWAY, LLC** | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) 2:17-cv-01157-TMP |

## COMPLAINT

### I. NATURE OF COMPLAINT

This action is brought by Plaintiff Darrious Colley ["Colley" or "Plaintiff"], an African-American employee of Defendant Birmingham Terminal Railway, LLC ["BTR" or "Defendant"] to address BTR's demonstrable policy of race discrimination.

### II. JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), and (4), 2201 and 2202, 42 U.S.C. 2000d-2 and 2000e5(f). This is a suit authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1866," 42 U.S.C. § 1981 and 1981a and the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended by the Civil Rights Act of 1991.

3. Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(B) & (C) because BTR is located here, the persons responsible for overseeing the human resources function are here, BTR maintains personnel records here, and engages in or ratifies illegal conduct adversely affecting the Plaintiff here. The Defendant's failure to promulgate effective equal employment policies originated in this district. The records relevant to whether this Defendant has issued such policies are located in this district.

### III. CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII

4. The Plaintiff has fulfilled all conditions necessary to the institution of this action under Title VII. Plaintiffs' claims arising under 42 U.S.C. §1981 are subject to a four year statute of limitations and do not require administrative exhaustion.

### IV. PARTIES

#### A. Defendant

5. Defendant, BTR, is an employer as defined by 42 U.S.C. § 2000e(b). It is also an individual subject to suit under 42 U.S.C. §1981.

#### B. Plaintiff

6. **Darrious Colley** is an African-American resident of the State of Alabama and a citizen of the United States. Colley was hired by BTR on or about

February 1, 2012 as a Yardmaster.

## V. STATEMENT OF FACTS

7. The Plaintiff, Darrious Colley, is an African-American former employee of the Defendant. Mr. Colley worked for the Defendant from February 1, 2012 to January 12, 2016.

8. On July 25, 2015, Mr. Colley filed a lawsuit against the Defendant alleging race discrimination in the terms and conditions of employment. The style of that case is *Darrious Colley v. Birmingham Terminal Railway LLC*, 2:15-cv-01250-HNJ.

9. On January 13, 2016, Mr. Colley was terminated. The reason given for Mr. Colley's termination was that there was a lack of work, however, two white employees caught up in the lay-off were allowed to transfer to other positions within the company. Mr. Colley was never offered any such opportunity.

10. Mr. Colley was treated differently because of his race. Furthermore, but for his reporting and opposing race discrimination in employment he would have been allowed to transfer to another job rather than suffer termination.

## VI. CLAIMS

### COUNT I

### RACIALLY DISPARATE TREATMENT IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

11. The unlawful actions of Defendant, BTR, by and through its agents, alleged herein were substantially motivated by unlawful race discrimination. Defendant, by and through its agents, engaged in the race discrimination complained of herein with malice and reckless indifference to Plaintiff's federally protected rights.

12. As stated above, the Defendant, BTR, denied the Plaintiff a transfer that would have allowed him to stay employed because his race, African-American.

13. As a result of Defendant's actions, Plaintiff has suffered extreme harm including, but not limited to, loss compensation and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering and loss of enjoyment of life.

### COUNT II-RETALIATION IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

14. Plaintiff has been retaliated against for opposing discrimination in employment. Plaintiff's complaints of discrimination were the determinative "but for", rather than the sole, reason for his termination.

4

15. The effect of the Defendant's retaliation as outlined above has been to deprive the Plaintiff of the right to oppose discriminatory business practices in violation of Title VII and 42 U.S.C. § 1981.

16. As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

17. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of Defendant's retaliatory, demeaning, and unlawful conduct.

18. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.

19. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

20. This malicious, reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII and 42 U.S.C. § 1981.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court will assume jurisdiction of this action and, after trial, provide relief as follows:

1. Issue a declaratory judgment that the employment practices, policies, procedures, conditions and customs that led to the discrimination engaged in by the Defendant are violative of the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sections 1981;

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sections 1981;

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding him back-pay (plus interest), front-pay, reinstatement into the position Plaintiff would have held if Defendant had not discriminated against him because of his race, compensation for loss of wages and benefits, lost seniority, and pension benefits and nominal, compensatory and punitive damages;

4. Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses incurred by this ligation;

5.   Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged in this suit, and this action for injunctive, declaratory and other relief are their only means of securing adequate relief;

6.   Prejudgment interest; and

7.   Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Darrious Colley, *Pro Se*

4731 Monica Dr
Hueytown Al 35023
(205) 356-2535